

FILED
2017 Apr-20  AM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY J. PEAKE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| DOLGENCORP, LLC. | ) | |
| d/b/a "DOLLAR GENERAL", | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, Dolgencorp, LLC, incorrectly designated as Dolgencorp, LLC, d/b/a Dollar General ("Defendant" or "Dolgencorp"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiff Timothy J. Peake ("Plaintiff" or "Peake") in the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.  In support of thereof, Defendant states as follows:

### I.   Removal Is Timely

1.     On March 7, 2017, the Plaintiff filed the instant lawsuit in the Circuit Court of Jefferson County, Alabama, Case No.: CV-2017-900895.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served upon the Defendant is attached as Exhibit "A."

2.     The Defendant was served on March 20, 2017.  As such, this Notice of Removal is timely pursuant to the thirty day timeframe set forth in 28 U.S.C. § 1446(b).

## II.     Federal Diversity Jurisdiction Exists

3.     This action is removable pursuant to 28 U.S.C. § 1441, because this Court has original jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction under § 1332 exists where the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  Both requirements for diversity jurisdiction are satisfied in this case.

### A.     Diversity of Citizenship

4.     To establish diversity jurisdiction, the parties must be completely diverse. 28 U.S.C. § 1332; *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967).

5.     The Plaintiff is a resident citizen of Jefferson County, Alabama. (Exhibit A, Complaint at ¶ 1).

6.     Defendant Dolgencorp, a limited liability company organized under the laws of Kentucky, is a citizen of Tennessee, where its one member is incorporated and has its principal place of business. (See Affidavit of Millette Milliken, hereby attached to as Exhibit "B"; *see also* Corporate Disclosure

Statement, Exhibit "C"); *Rolling Greens MHP, L.P. v. Comcast Holdings, LLC*, 374 F. 3d 1020 (11th Cir. 2004) (explaining that citizenship of a limited liability company is determined by considering the citizenship of each of its members); Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010) (defining "principal place of business" as the place where a company maintains its headquarters).

7.      The only remaining parties to this action are "Fictitious Defendants 1-18" (Exhibit A, Complaint at ¶ 3).  Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded."

8.      Thus, under 28 U.S.C. § 1332, there is complete diversity of citizenship between the Plaintiff, an Alabama citizen, and the Defendant, a Tennessee citizen.

**B.      Amount in Controversy**

9.      The Plaintiff's Complaint asserts claims for negligence, wantonness, premise liability and negligent, reckless and wanton supervision and training against the Defendant arising out of injuries Plaintiff allegedly sustained while shopping at a Dollar General Store. (Exhibit A, Complaint).

10.      As a result of Defendant's alleged negligence and/or wantonness and/or gross negligence, Plaintiff avers that he was caused to suffer the following injuries and damages: "(a) Injuries to various parts of his body, including but not limited to:  left hip, left arm, left shoulder, back and neck; (2) a broken hip that had to be

surgically repaired; (c) aggravations of pre-existing condition(s); (d) pain and suffering, as well as future pain and suffering; (e) mental anguish and future mental anguish; (f) permanent injury, disfigurement and damages; (g) medical expenses from various doctors, physicians and hospitals; (h) out-of-pocket medical expenses; and (i) future medical expenses.  (Exhibit A, Complaint at ¶ 7 (a) through (i)).

11.     The Plaintiff's Complaint demands judgment against the Defendant in both compensatory and punitive damages in an amount to be determined by a jury. (Exhibit A, See Complaint).

12.     In *Smith v. State Farm Fire & Cas. Co.*, 868 F.Supp. 2d 1333 (N.D. Ala. 2012), this Court denied the plaintiff's motion to remand, holding that the amount in controversy was satisfied. *Id.* at 1335.   The plaintiff's complaint contained no ad damnum clause, but sought economic damages, emotional distress damages, and punitive damages. *Id.* at 1334.  The Court observed that in deciding the amount in controversy, it was "allowed reasonable deductions and extrapolations." *Id.* at 1335.  The Court then held it was it was apparent from the complaint itself that the amount in controversy exceeded the jurisdictional threshold, stating as follows:

> This court is informed and verily believes that Congress
> amended 28 U.S.C. § 1446 in order to slow down, if not
> to prevent, this court and others like it, from remanding

diversity cases like this one, where there is no ad damnum clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000. There is no point in writing a law review article on the subject. This court has written many opinions that sound like Smith's present argument. That was then. This is now.

The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Id.*

13.     In *Green v. Wal-Mart Stores East, L.P.*, 2014 WL 6792043 (N.D. Dec. 2, 2014), this Court denied the plaintiff's motion to remand, holding that the amount in controversy was satisfied by looking at the complaint:

In her complaint, Frenchie Green alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitles her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000.

*Id.* at *1.

14.    In *Bush v. Winn Dixie Montgomery, LLC*, 2015 WL 5121337 (N.D. Ala. Aug. 31, 2015), this Court granted the plaintiff's motion to remand, holding that the defendant failed to timely remove the case within thirty days. *Id.* at *4. The plaintiff's complaint contained no ad damnum clause. *Id.* at *1.  However, the Court recognized that, "[the Eleventh Circuit]… has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* (*citing Roe v. Michelin North America, Inc.*, 613 F. 3d 1058 (11th Cir. 2010)).  Citing *Smith*, the Court noted that "a plaintiff like Bush who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* (*citing Smith* 868 F.Supp. 2d at 1335).  The Court concluded that there was no logical reason why it was not just as apparent to the defendant when it first read the complaint, as it was now, that the amount in controversy exceeded $75,000 when the complaint was filed. *Id.* at *4.  Because the removal occurred more than thirty days after the jurisdictional amount was clearly apparent, the Court granted the plaintiff's motion to remand. *Id.*

15.    Like the plaintiffs in *Smith*, *Green* and *Bush*, the Plaintiff in this case has asserted negligence and wantonness claims against Dolgencorp, and seeks

recovery for physical injury, pain and suffering, future pain and suffering, mental anguish and emotional distress, future mental anguish and emotional distress and seeks punitive damages. (Exhibit A).  Moreover, like the plaintiffs in *Smith*, *Green*, and *Bush*, the Plaintiff has not made a formal or express disclaimer to damages in excess of $74,999.  Accordingly, based on this Court's clear precedent, it is readily apparent from the Complaint alone that the amount in controversy exceeds the jurisdictional limit of $75,000.

16.    Although the Defendant denies that it is liable to the Plaintiff for any amount, the Defendant does not dispute that the amount in controversy exceeds $75,000.

17.    Based on the foregoing, the amount in controversy exceeds $75,000, and removal is proper under 28 U.S.C. §§ 1332 and 1446.

### III.    <u>Conclusion</u>

19.    The Defendant has timely removed this action, and has established diversity of citizenship and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Therefore, removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Furthermore, removal to this Court is proper under 28 U.S.C. §§ 1332 and 1441(a), because Jefferson County, Alabama (where Plaintiff filed this action) sits in the Southern Division of United States District Court for the Northern District of Alabama.

WHEREFORE, PREMISES CONSIDERED, Defendant Dolgencorp, LLC respectfully submits this Notice of Removal.

/s/ Rick D. Norris
Rick D. Norris (ASB-0494-R81R)
Hannah T. Kennedy (ASB-5267-W14A)
Counsel for Defendant Dolgencorp, LLC

OF COUNSEL:
CHRISTIAN & SMALL, LLP
505 20th Street North
1800 Financial Center
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
rdnorris@csattorneys.com
htkennedy@csattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date, using the CM/ECF filing system which will send electronic notification of such filing, served a copy of the foregoing pleading upon all counsel of record:

C. Todd Buchanan
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
tbuchanan@asilpc.com

*/s/ Rick D. Norris*
OF COUNSEL