FILED
2017 Apr-20  AM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
3/7/2017 8:12 AM
01-CV-2017-900895.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama <br> Unified Judicial System <br><br> Form ARCiv-93   Rev.5/99 | **COVER SHEET** <br> **CIRCUIT COURT - CIVIL CASE** <br> (Not For Domestic Relations Cases) | Case <br> 01 <br><br> Date of Filing: <br> 03/07/2017 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**TIMOTHY J. PEAKE v. DOLGENCORP, LLC.**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other   **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER

R ☐ REMANDED        T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| BUC034 | 3/7/2017 8:12:23 AM <br> Date | /s/ CHARLES TODD BUCHANAN <br> Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**    ☐ YES ☑ NO ☐ UNDECIDED

| State of Alabama<br><br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>01-CV-2017-900895.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### TIMOTHY J. PEAKE V. DOLGENCORP, LLC.

DOLGENCORP, LLC., C/O CSC LAWYERS 150 PERRY ST., MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CHARLES TODD BUCHANAN

WHOSE ADDRESS IS 2900 1st Ave. South, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   TIMOTHY J. PEAKE

pursuant to the Alabama Rules of the Civil Procedure

Date   3/7/2017 8:12:35 AM          /s/ ANNE-MARIE ADAMS
_____    _____
                                     Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

---

☑ Certified Mail is hereby requested          /s/ CHARLES TODD BUCHANAN
                                     _____
                                     Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                                (Date)

_____        _____        _____
Date                             Server's Signature                       Address of Server

_____        _____        _____
Type of Server                   Server's Printed Name                    _____
                                                                          Phone Number of Server

ELECTRONICALLY FILED
9/7/2017 8:12 AM
01-CV-2017-900895.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **TIMOTHY J. PEAKE** | ) | ***JURY TRIAL IS DEMANDED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** _____ |
| | ) | |
| | ) | |
| **DOLGENCORP, LLC.** | ) | |
| **d/b/a "DOLLAR GENERAL",** | ) | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the flooring at the store in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding water, substance or some other liquid that was hazardous to Timothy J. Peake and other patrons in the store in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the floor in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the flooring materials or floor used for travel by the store patrons in the store in question and at issue in this lawsuit;  No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the water or other liquid or substance to be present on the floor in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Timothy J. Peake;  No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the store in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the flooring materials present in the store in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, Timothy J. Peake, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint;  No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit;  No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;  No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above;  No. 14, being that person, firm, partnership or corporation who contracted with

any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein;  No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the section or department of the store in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Timothy J. Peake, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained],

)
**Defendants.**                                                    )

## COMPLAINT

## PARTIES AND VENUE

1.     Plaintiff, Timothy J. Peake, is an individual resident citizen of the State of Alabama and is over the age of nineteen (19) years of age.

2.     Defendant, Dollar General is a Foreign Limited Liability Corporation doing business in Alabama with its principal place of business in Goodlettsville, Tennessee.  Upon information and belief, Dollar General is a wholly owned subsidiary of DOLGENCORP, LLC. At all times referred to herein, DOLGENCORP, LLC was doing business as "Dollar General."

3.     Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

4.     Venue is proper in Jefferson County pursuant to Ala. Code § 6-3-2 (a)(3) considering that the Plaintiff is a resident of Jefferson County, and the occurrence giving rise to this suit occurred within the County.

## FACTUAL BACKGROUND

5.     On or about the 28th day of February 2017, Plaintiff went grocery shopping at the Dollar General store located at 2328 Center Point Pkwy, Center Point, Alabama 35215.

6.     While walking through the store, Plaintiff slipped on a wet, slippery substance and fell to the ground, landing on his left hip, left elbow and back.

7.    The impact from the fall caused the Plaintiff to suffer the following injuries and damages:

(a)    He suffered injuries to various portions of his body, including but not limited to: left hip, left arm, left shoulder, back and neck;

(b)    He suffered a broken hip that had to be surgically repaired;

(c)    He suffered aggravations of pre-existing condition(s);

(d)    He has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

(e)    He has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

(f)    He was permanently injured, disfigured and damaged;

(g)    He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(h)    He was caused to incur out-of-pocket medical expenses;

(i)    He is reasonably certain to incur personal injury medical expenses in the future;

## COUNT ONE- NEGLIGENCE AND WANTONNESS

8.    Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

9.    On or about the 28th day of February 2017, Plaintiff was grocery shopping at Dollar General and therefore qualifies as a business invitee.

10.    Defendant DOLGENCORP, LLC doing business as "Dollar General" and one or more of the fictitious party defendants listed and described hereinabove (hereinafter referred to as "Defendants"), negligently, recklessly and/or wantonly cleaned during business hours, while customers were present, causing the floor to become wet and slippery.

11.    Defendants knew, or should have known, that injury was likely to occur as a result of the wet floor.  Additionally, Defendants allowed the floor to become, and remain, wet with a conscious disregard for the safety of customers.

12.    As a result of Defendants' negligence, wantonness and/or recklessness, Plaintiff slipped on the wet, slippery substance, fell to the ground and suffered injuries as described above,

herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant DOLGENCORP, LLC doing business as "Dollar General" and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT TWO – PREMISES LIABILITY

13.     Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

14.     On or about the 28th day of February 2017, Plaintiff was grocery shopping at Dollar General and therefore qualifies as a business invitee.

15.     Defendants negligently, recklessly and/or wantonly caused or allowed a clear slippery substance to be placed or to remain upon the floor in an area that was used by its patrons or invitees to move around the store, causing Plaintiff to fall and suffer injury, as described above, herein.

16.     At the aforesaid time and place, Defendants were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place to shop.  If any defects in their owned or leased premises existed, Defendants had the duty to warn its patrons and/or invitees of hazards of which it/they knew, or should have known in the exercise of due care, were not easily discoverable by the invitees.  Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to warn Plaintiff of the hazard and/or defect which was known to them or which they negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

17.     Defendants were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured and the flooring materials, cleaning materials, polishing materials, methods and schedule for cleaning, inspecting and maintaining said floors and for establishing patterns and routes for its patrons and/or invitees to ambulate and/or travel around and about the store therein and about said store and premises at the time and place of the occurrence made the basis of Plaintiff's complaint and negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that Defendants owed to Plaintiff in causing or allowing the floors upon which Plaintiff fell to be unreasonably slick and/or hazardous due to the clear liquid substance being present upon the flooring and causing a hazard, either in and of itself or in conjunction with the cleaning, polishing or other substances used upon the floor or through the schedule of said cleaning or lack of said scheduled cleaning.  Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner

in which the floor was maintained and presented to the patrons or invitees for their use in ambulating and/or traveling about the store as they shopped and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

18.    Defendants negligently, wantonly, recklessly and/or willfully caused or allowed the slippery clear liquid to remain in a main travel area in close proximity to the meat department and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

## COUNT THREE – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING

19.    Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

20.    Defendants were under an obligation and duty to train their employees to make sure that there are not hazards present so as not to cause any unreasonable dangers for customers of the store.

21.    Defendants were under an obligation and duty to train and supervise store employees to properly inspect the commercial areas or areas accessible to their patrons or invitees so that there are no dangerous conditions not readily discoverable to their patrons or invitees.

22.    Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the store area free and clear of dangerous conditions.  Defendants' failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant DOLGENCORP, LLC doing business as "Dollar General" and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT FOUR – FICTITIOUS DEFENDANTS

23.    Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

24.    Fictitious Party Defendants identified and described hereinabove, whether singular or plural, are those other persons, firms, corporations, partnerships or entities whose wrongful conduct caused or contributed to cause the injuries or damages to Plaintiff.

25.     As a proximate result of said negligence, intentional conduct, willfulness and/or wantonness of said Defendants, Plaintiff was caused to be injured and damaged as described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

Respectfully Submitted,

C. Todd Buchanan
C. Todd Buchanan             (BUC034)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8166
Legal Asst.:    (205) 983-8266
Facsimile:      (205) 983-8466
Email:          tbuchanan@asilpc.com

Plaintiff's Address:

Timothy Peake
c/o C. Todd Buchanan
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **TIMOTHY J. PEAKE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** _____ |
| | ) | |
| | ) | |
| **DOLGENCORP, LLC** | ) | |
| **d/b/a "DOLLAR GENERAL",** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S JURY DEMAND

COMES NOW the Plaintiff, Timothy J. Peake, and hereby requests a trial by struck jury.

Respectfully Submitted,


C. Todd Buchanan _____
C. Todd Buchanan            (BUC034)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:        (205) 983-8166
Legal Asst.:   (205) 983-8266
Facsimile:     (205) 983-8466
Email:         tbuchanan@asilpc.com

Plaintiff's Address:

Timothy Peake
c/o Brandon T. Bishop
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

## **REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK**

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the ***Clerk*** direct service of the foregoing "Summons and Complaint" by certified mail, addressed as follows:

DOLGENCORP, LLC d/b/a "Dollar General"
c/o CSC Lawyers Incorporating Service Inc.
150 S. Perry St.
Montgomery, AL 36104


C. Todd Buchanan_____
OF COUNSEL

ELECTRONICALLY FILED
3/7/2017 8:12 AM
01-CV-2017-900895.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **TIMOTHY J. PEAKE** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO.:** _____ |
| | ) |
| | ) |
| **DOLGENCORP, LLC.** | ) |
| **d/b/a "DOLLAR GENERAL",** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S FIRST CONSOLIDATED DISCOVERY REQUESTS TO DEFENDANT**

COMES NOW the Plaintiff, Timothy J. Peake and propounds the following Requests for Admission, Interrogatories and Requests for Production of Documents to the Defendant, DOLGENCORP, LLC. d/b/a "Dollar General" to be answered pursuant to Rule 33 of the *Alabama Rules of Civil Procedure*.

**DEFINITIONS**

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories/Requests:

A.    The terms "You" and "Your" refer to the Defendants, DOLGENCORP, LLC. and/or Dollar General, and to their present or former agents, attorneys, representatives and other persons who have acted or purported to act on Defendants' behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B.    "Store" shall refer to the Dollar General store located in Certer Point, Alabama where the incident occurred;

C.    "Incident" shall refer to Plaintiff, Timothy J. Peake's February 28, 2017 fall that occurred at the Dollar General Store;

D.    "Subject area" shall refer to the part of the Dollar General Store at or near where the incident occurred;

E.  "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

F.  The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

G.  "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

H.  "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

I.  "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

J.      "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

K.      "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

L.      "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

M.      "Plaintiff" shall refer to Timothy J. Peake, and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on his behalf pursuant to contract or otherwise in any of the materials covered by these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

N.      *PRIVILEGE LOG*: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii)  identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)  identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## REQUESTS FOR ADMISSION

1.      DOLGENCORP, LLC. d/b/a "Dollar General" is your proper legal designation.

2.      On the date of the incident, your store employees were cleaning the store.

3.      As a result of cleaning the store, water, bleach  or some other clear liquid leaked onto the floor.

4.      Your employees failed to place wet floor signs in the vicinity of the wet floor prior

to the incident.

     5.      Plaintiff injured his hip, arm and shoulder when he fell at your store.

## **INTERROGATORIES**

     1.      Have you been identified properly in Plaintiff's Complaint?  If your answer is "no," then please set forth your proper legal designation.

     2.      Please identify by name, title and address the individual(s) responsible for answering or assisting in answering these interrogatories.

     3.      Please list and identify by name and title each employee and independent contractor of your who has knowledge, in any way, of the incident.

     4.      Please state the most current information regarding the name, address and telephone number of every employee who worked at Your Store on the date of the incident and state his/her position and job responsibilities.

     5.      Please provide the name, address, telephone number and email address of each person who has knowledge concerning the facts surrounding the incident.

     6.      Please describe, in detail, the incident, including in your answer the circumstances surrounding the presence of a wet substance.

     7.      Please provide the name, address, telephone number and email address of each person from which you have obtained a statement concerning the incident. (NOTE: this request does not seek the substance of each such communication and therefore does not call for privileged or otherwise protected information).

     8.      Please identify the person, firm and/or corporation who was/were responsible for the inspecting, cleaning and maintaining of the Subject Area where the incident occurred.

     9.      Please state whether you had any "caution", "wet floor" or other "warning" sign(s)

posted in the Subject Area at the time of the incident.  If the answer to this interrogatory is yes, please describe the physical features of the posted warning sign(s) (e.g. color, height, wording on sign, demotions, etc.), the number of warning sign(s) in the vicinity, the name of the person(s), where the warning sign(s) was/were posted, who placed said warning sign(s), and the amount of time said warning sign(s) had been posted prior to Plaintiff's fall.

10.     Please state whether a foreign substance(s) was/were spilled or located in the Subject Area prior to the incident.  If the answer to this interrogatory is "yes" please identify the substance(s), the circumference of the substance(s), and the amount of time said substance(s) had been upon the floor prior to the incident made the basis of this lawsuit.

11.     If a substance was spilled or located upon the Subject Area prior to the incident, please state when your employees became aware of the substance and what steps, if any, they took to clear the substance from the floor and identify the individual(s) responsible for performing the task.

12.     Please identify the time when the Subject Area was last inspected by any of your employees and identify the name and title of the employee(s) who inspected the Subject Area and identify said employee(s) training and qualifications to inspect it.

13.     Please identify the method and manner in which the Subject Area was last inspected and cleaned (e.g., mopped, swept, etc.) and identify any and all cleaning solvents used by you, your employees, or a third party to clean the Subject Area prior to the incident and provide the time said cleaning occurred on the subject area prior to the incident.

14.     Please identify the person, firm, corporation or other entity who was the general contractor for Your Store and state the date construction was completed.

15.     Please identify each expert that you plan to have testify at the trial of this cause,

- 5 -

including any and all medical experts.  Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

16.     Please state in detail each and every fact known to you concerning how the incident made the basis of this suit occurred and for each person please provide his or her name, address, telephone number and email address.

17.     If you contend that Plaintiff was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

18.     If you contend that the hazard which caused Plaintiff to fall was open and obvious, then please state each and every fact upon which you rely.

19.     Please state in detail your knowledge, as well as each and every employee's knowledge, concerning the presence of a foreign substance on the floor upon which Plaintiff fell. Additionally, please identify each and every person who had knowledge concerning the presence of the foreign substance on the floor prior to Plaintiff's fall, how it came to be on the floor and how long said substance was on the floor prior to the Plaintiff's fall.

20.     Please state whether you have any policies, procedures or safety programs instituted regarding maintaining its store's floors in a safe condition.  If so, please state the substance of said policy, procedure or safety program.

21.     Please state precisely and descriptively the location in the store where the incident made the basis of this suit occurred.

22.     Please state precisely and descriptively the surface material for the floor in the location in the store where the incident made the basis of this suit occurred.

23.     Please identify each and every other claim made where an individual slipped and

fell in both your Center Point, Alabama stores by providing the name and address of each individual who slipped and fell and the date of said fall.

24.      Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for you arising out of the incident made the basis of this lawsuit.

25.      For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, please provide a privilege log and describe said document(s) with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of the document).

26.      Please state the name and contact information to include home address, home phone number, cell phone number and email address of each individual employee and/or independent contractor depicted in the store surveillance video from 30 minutes prior to the incident made the basis of this lawsuit, during the incident, and after the incident until Plaintiff left the premises.

27.      Please state precisely and descriptively any and all actions that your employees took to mitigate any hazards in the vicinity of the location in the store where the incident occurred.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident, as well as supplements and/or revisions to same, along with any and all documentation of the events surrounding the incident made the basis of this suit.

2.      Please produce a complete and accurate copy of any and all security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

3.      Please produce a complete and accurate copy of any and all security and/or

surveillance video which captured the incident.

4.      Please produce a complete and accurate list to include contact information (name, home address, home phone number, cellular phone number and email address) of Your employees and/or third-party independent contractors, as well as any witnesses, visible in any security and/or surveillance video which captured and/or recorded the incident.

5.      Please produce any and all documents or physical evidence relating to any and all substances on the floor in the vicinity of where the incident involving this lawsuit occurred.

6.      Please produce a copy of any still color photographs, digital recordings, audio recordings, written statements and any other tangible recording taken of Plaintiff.

7.      Please produce a complete and accurate copy of any policy, procedure or safety program in place at the time of the incident, regarding the inspection and maintenance of floors.

8.      Please produce a complete and accurate copy of any slip-and-fall prevention policies or guidelines you had in place at the time of the incident made the basis of this suit, including but not limited to the subject area where the incident occurred.

9.      Please produce a complete and accurate copy of any and all documents, diagrams, maps, blueprints or other tangible documents regarding the Subject Store's floorplan.

10.     Please produce a complete and accurate copy of any and all documents, diagrams, maps, blueprints, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

11.     Please produce a complete and accurate copy of the time sheets, punch cards or other method for accounting for your employees present and for their time worked on the date of the incident.

12.     Please produce a complete and accurate transcript of any statements obtained from

Plaintiff.

13.     Please produce a complete and accurate transcript of any statements obtained by this Defendant, or on this Defendant's behalf, concerning the subject litigation.

14.     Please produce a complete and accurate transcript of any correspondence between you and Plaintiff or his representative(s) or between your representative(s) and Plaintiff or his representative(s) occurring before the Plaintiff filed this lawsuit.

15.     Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

16.     Please produce a current curriculum vitae of any expert that you intend to call to testify at the trial of this case.

17.     Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

18.     Please produce a certified copy of any and all policies of insurance and declarations page(s) which will or may provide coverage to You in the subject litigation (if Defendant is self-insured, please produce a copy of any and all documentation regarding the maximum amount Defendant is self-insured to).

19.     Please produce a copy of all records obtained regarding Plaintiff, whether obtained by subpoena, authorization or otherwise.  [Defendants have a continuing duty to supplement this request.  Additionally, please consider this a formal request for all records obtained pursuant to Rule 45 of the Alabama Rules of civil procedure].

20.     Please produce a complete and accurate list of each claim asserted against this Defendant wherein an individual slipped and fell in one of your Alabama stores by providing the name and address of each individual who slipped and fell, the date of said fall, the weather

conditions at the time of said fall, the store number where the fall occurred, and the status of the claim.

21.     Any and all sweep and mop logs for Your Store for the date of the incident.

22.     Any and all maintenance records for Your Store for the date of the incident.

23.     Any and all documents relating to the routine/regular intervals of floor inspection and cleaning for Your Store for the date of the incident.

24.     Any and all documents relating to the training and qualification(s) of employees or third-party contractors to perform floor inspections at Your Store for the date of the incident.

25.     All employee handbooks in effect on the date of the incident.

26.     All documents relative to job descriptions and job duties for employees at Your Store.

27.     All evidence You intend to use at trial.

28.     All demonstrative aids You intend to use at trial.

29.     All PowerPoint or other similar computer-generated presentations You intend to use at trial.

Respectfully Submitted,


C. Todd Buchanan_____
C. Todd Buchanan          (BUC034)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8166
Legal Asst.:    (205) 983-8266
Facsimile:      (205) 983-8466
Email:          tbuchanan@asilpc.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT TO:**

DOLGENCORP, LLC d/b/a "Dollar General"
c/o CSC Lawyers Incorporating Service Inc.
150 S. Perry St.
Montgomery, AL 36104


C. Todd Buchanan_____
OF COUNSEL



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
TIMOTHY J. PEAKE V. DOLGENCORP, LLC.

01-CV-2017-900895.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $7.92

Parties to be served by Certified Mail - Return Receipt Requested

DOLGENCORP, LLC.                                    Postage: $7.92
C/O CSC LAWYERS
150 PERRY ST.
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7016 0340 0000 7789 7072

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$          Dolgencorp, LLC
Total Postage and Fees
$
Sent To     CV2017 900895 S/C
Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    DOLGENCORP, LLC.
    C/O CSC LAWYERS
    150 PERRY ST.
    MONTGOMERY, AL 36104

    CV2017 900895 S/C

    9590 9402 2179 6193 6905 93

2. Article Number *(Transfer from service label)*

    7016 0340 0000 7789 7072

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☑ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery (0)

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DOLGENCORP, LLC.

C/O CSC LAWYERS

150 PERRY ST.

MONTGOMERY, AL 36104



CV/2017   900895   S/C

9590 9402 2179 6193 6905 93

2. Article Number (Transfer from service label)

7016 0340 0000 7759 7072

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                MAR 2 0 2017

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ Mail
☐ ___ Mail Restricted Delivery
   (X)

☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☑ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4 in this box.

ANNE-MARIE ADAMS, CLERK OF CIRCUIT
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD, NO
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
MAR 22 2017
ANNE-MARIE ADAMS

9590 9402 2172 6193 2045 93

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



USPS TRACKING #